# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ROBERT REIFSCHNEIDER,

    Plaintiff,

v.                                                Case No. 18-C-146

DR. THOMAS GROSSMAN, ET AL.,

    Defendant.

## ORDER

On January 29, 2018, Plaintiff Robert Reifschneider, who is presently incarcerated at Wisconsin Secure Program Facility and representing himself, filed a complaint alleging several federal and state-law claims against Dr. Thomas Grossman and several Department of Corrections employees. ECF No. 1. On May 4, 2018, the court screened the complaint. ECF No. 9. The court allowed Reifschneider to proceed on his federal and state-law claims against the Jane Doe defendants and on his state-law claims against Drs. Grossman, Hoffman, and Syed. *Id.* Presently before the court are four motions: Reifschneider's motions for leave to amend complaint (ECF No. 39), to stay the case (ECF No. 34), to appoint counsel (ECF No. 37), and Dr. Grossman's motion to compel Reifschneider to comply with the mediation requirements of Ch. 655, Wis. Stat. and to stay the case (ECF No. 26). For the reasons below, Reifschneider's motions to stay and to appoint counsel will be denied, his motion for leave to amend complaint will be granted, and Dr. Grossman's motion to compel and to stay proceedings will be granted.

### MOTION FOR LEAVE TO AMEND COMPLAINT

On September 14, 2018, Reifschneider filed a motion for leave to amend his complaint. ECF No. 39. Attached to the motion is a proposed amended complaint identifying the Jane Doe

defendants as Trisha Anderson , Jean Jones , Rachel Pafford, and Melissa Thorne. *Id.* The decision to grant leave to amend a pleading is left to the discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Leave to amend should be "freely given" absent any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, futility of amendment, etc. *Id.*; Fed. R. Civ. P. 15(a)(2). The court sees no apparent or declared reason why leave to amend should not be given. Identification of the Jane Doe defendants is an important step in Reifschneider's ability to test his claims on the merits and to potentially obtain relief. Accordingly, the court will grant Reifschneider's motion for leave to amend complaint.

Because the court already screened Reifschneider's original complaint and because the only change in the amended complaint is the identification of the Jane Doe defendants, the court need not perform an additional screening. However, the newly identified Jane Doe defendants—Trisha Anderson, Jean Jones, Rachel Pafford, and Melissa Thorne—must file a responsive pleading within sixty days of receiving electronic notice of this order.

## MOTION TO COMPEL COMPLIANCE WITH CH. 655, WIS. STAT. AND TO STAY CASE

On July 24, 2018, Defendant Dr. Grossman filed a motion to compel Reifschneider to comply with the mediation requirements of Ch. 655, Wis. Stat and to stay the case. ECF No. 26. In cases where a federal court exercises supplemental jurisdiction over state-law claims, the federal court is bound to follow state law when resolving those claims. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) (citing *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938)). Wisconsin Statute § 655.445(1) requires a plaintiff seeking to pursue tort or breach-of-contract claims based on professional services rendered to file a request for mediation as prescribed in Chapter 655 of the

2

Wisconsin Statutes. Wis. Stat. § 655.445(1) (2015–16). The requirement to file a mediation request is mandatory. *Eby v. Kozarek*, 450 N.W.2d 249, 250 (Wis. 1990); *Bratchett v. Braxton*, No. 08–C–880, 2010 WL 2803090, at *1 (E.D. Wis. July 15, 2010); *Bertorello v. St. Joseph's Hosp. of Marshfield, Inc.*, 685 F. Supp. 192, 195 (W.D. Wis. 1988). Although the 15-day statutory deadline for filing this request is directory rather than mandatory, "[i]t is within a trial judge's discretion to order the plaintiff to request mediation in a timely fashion or face dismissal of the action." *Eby*, 450 N.W.2d at 252. If a plaintiff fails to file a mediation request, or files a request and then fails to comply with the mediation process, then dismissal of the mediation request and with it the right to continue prosecution of the lawsuit might be a proper remedy. *Id.*; *Bertorello*, 685 F. Supp. at 195. For actions proceeding under § 655.445(1), "no discovery may be made and no trial, pretrial conference or scheduling conference may be held until the expiration of the mediation period under s. 655.465(7)." Wis. Stat. § 655.445(3). The period for mediation expires 90 days after the director of state courts receives a request for mediation if delivered in person or within 93 days of the date of mailing of the request to the director of state courts if sent by registered mail, or within a longer period where all parties agree in writing. Wis. Stat. § 655.465(7).

Reifschneider must comply with the mediation requirements under Ch. 655 of the Wisconsin Statutes if he wishes to proceed on his claim against Dr. Grossman. Specifically, Reifschneider must file a mediation request, as required under Wis. Stat. § 655.445(1). Reifschneider is only required to file a mediation request regarding his claims against Dr. Grossman because Drs. Hoffman and Syed as well as the defendant nurses are exempt from Ch. 655, Wis. Stat. given their status as state employees during all times material to this case. Wis. Stat. § 655.003; *Ravenwood-Alexander v. Beahm*, No. 17–cv–7–pp, 2018 WL 4188472, at *9 (E.D. Wis. Aug. 31, 2018). Exemption from

3

Ch. 655 does not preclude the prosecution of common law medical malpractice claims against exempt individuals; rather, exemption merely obviates the requirement that a plaintiff comply with the statutory mediation process prior to proceeding with his state-law claims against exempt individuals. *Ravenwood-Alexander*, 2018 WL 4188472, at \*9.

This case will be stayed pending Reifschneider's filing of a mediation request regarding his claims against Dr. Grossman within 15 days of the date of this order. Because Wis. Stat. § 655.445(3) only requires that proceedings for actions filed under § 655.445(1) be stayed until the expiration of the mediation period under 655.465(7), the court must decide whether to stay all of Reifschneider's claims, not just his claim against Dr. Grossman. In considering whether to stay an action, courts often consider (1) whether the litigation is at an early stage, (2) whether a stay will unduly prejudice or tactically disadvantage the non-moving party, (3) whether a stay will simplify the issues and streamline the trial, and (4) whether a stay will reduce the burden of litigation on the parties and on the court. *Grice Eng'g, Inc. v. JG Innovations, Inc.*, 691 F. Supp. 915, 920 (W.D. Wis. 2010) (citations omitted). Given the fact that Reifschneider is self-represented, issuing a stay on all claims in this action will allow him to focus on meeting his obligations under Ch. 655, Wis. Stat. regarding his claim against Dr. Grossman. Further, if Reifschneider's claim against Dr. Grossman is resolved at mediation, dismissed voluntarily, or dismissed for failure to comply with Ch. 655, then the issues in this case would be simplified and the litigation burden on the parties as well as the court would be reduced. Accordingly, this action will be stayed pending Reifschneider's filing of a mediation request in compliance with Ch. 655, Wis. Stat. within 15 days of this order. If Reifschneider fails to timely file the request, then his claim against Dr. Grossman will be dismissed

and the stay will be lifted. If Reifschneider timely files the request, then the stay will remain until the expiration of the mediation period under Wis. Stat. § 655.465(7).

**MOTION TO APPOINT COUNSEL**

On August 31, 2018, Reifschneider filed a second motion to appoint counsel. ECF No. 37. Reidschneider asserts that counsel would aid him in identifying the Jane Doe defendants and in hiring an expert witness. *Id.* Although "there is no constitutional or statutory right to court-appointed counsel in federal civil litigation, an indigent civil litigant may ask the district court to request an attorney to represent him *pro bono publico*." *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007) (en banc); *see also* 28 U.S.C. § 1915(e). As a threshold matter, an indigent plaintiff must show that he has made a reasonable attempt to obtain counsel or has been precluded from doing so. *Id.* at 654. Having reviewed Reifschneider's affidavit and the attorney correspondence letters attached to his motion (ECF No. 38), the court is satisfied that he meets this threshold requirement.

Next, the court must decide whether to appoint counsel, which "is grounded in a two-fold inquiry into both the difficulty of the plaintiff's claims and the plaintiff's competence to litigate those claims." *Pruitt*, 503 F.3d at 655. Enduring in the case are Reifschneider's federal deliberate indifference claims against the defendant nurses, his state-law negligent performance of ministerial duties claims against the nurses, and his state-law medical malpractice claims against Drs. Grossman, Hoffman, and Syed. *See* ECF No. 9. The difficulty of pursuing these claims is "considered against the plaintiff's litigation capabilities." *Id.* In determining whether a plaintiff is competent to litigate his own case, the court will normally consider the plaintiff's literacy, communication skills, educational level, and litigation experience, although there are no fixed requirements that the court must follow. *Id.* Any evidence in the record of the plaintiff's intellectual capacity or psychological

history is also relevant. *Id.* The relevant question is whether the plaintiff appears competent to litigate his claims, not merely whether the plaintiff is competent to try his case. *Id.*

After considering the pending claims and reviewing Reifschneider's docket entries to date, the court finds that Reifschneider has the skills necessary to proceed in litigating the remaining claims at this time. A review of the docket reveals that Reifschneider has demonstrated his ability to submit discovery requests and to engage in the motion practice that normally attends litigation. ECF No. 14; *see Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013). In his recent motion for leave to amend complaint, Reifschneider has completed the task that motivated his second request for counsel—to identify the Jane Doe nurses. *See* ECF Nos. 37, 39. Although deliberate indifference, negligence, and especially medical malpractice claims have the potential to become complex, Reifschneider is currently tasked with meeting his obligation to request and complete the mediation process set forth in Ch. 655 of the Wisconsin Statutes, a task he has the competence to complete. Because Reifschneider must first comply with the mediation requirements under Ch. 655, Wis. Stat. before prosecuting his other claims in this lawsuit, his motion to appoint counsel will be denied at this time. The court will give further consideration to his request as this case proceeds.

## MOTION TO STAY CASE

On August 20, 2018, Reifschneider filed a motion to stay the case pending resolution of his July 18, 2018 motion to appoint counsel. ECF Nos. 34, 23. However, at the time Reifschneider filed his motion to stay, no motion to appoint counsel was pending, as the court denied his July 18, 2018 motion on July 20, 2018. ECF No. 24. Because Reifschneider's motion to stay was based on the existence of a pending motion to appoint counsel, and no such motion was pending, the motion is moot and will be denied.

**IT IS THEREFORE ORDERED** that Reifschneider's motion for leave to amend complaint (ECF No. 39) is **GRANTED**. The Clerk of Court is directed to detach and e-file the amended complaint (ECF No. 39-1).

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this court, defendants Trisha Anderson, Jean Jones, Rachel Pafford, and Melissa Thorne shall file a responsive pleading within **sixty days**. These defendants must file responsive pleadings within sixty days *despite the court's issuance of a stay*.

**IT IS FURTHER ORDERED** that Dr. Grossman's motion to compel Reifschneider to comply with the mediation requirements of Chapter 655 of the Wisconsin Statutes and to stay the case (ECF No. 26) is **GRANTED**.

**IT IS FURTHER ORDERED** that Reifschneider must file a written mediation request, as required under Wis. Stat. §§ 655.44 and 655.445(1), **within 15 days of this order**, and promptly file proof of the filing of this request to this court and to opposing counsel. Pursuant to § 655.44(2), Reifschneider's mediation request must include all of the following information:

(a) The claimaint's name, city, county, and state of residence;
(b) The name of the patient (can be the same person as the claimant);
(c) The name and address of the health care provider alleged to have been negligent in treating the patient;
(d) The condition or disease for which the health care provider was treating the patient when the alleged negligence occurred and the dates of treatment; and
(e) A brief description of the injury alleged to have been caused by the health care provider's negligence.

Reifschneider must file the request for mediation together with a notice that a court action has been commenced and an $11 filing fee to be paid into the mediation fund. Wis. Stat. §§ 655.44, 655.445(1), 655.54. The written mediation request, the notice that an action has been commenced, and the filing fee must be delivered either in person or by registered mail to the director of state courts, whose mailing information is as follows:

Director of State Courts Office
Hon. Randy R. Koschnick, Director
16E Capitol Building
P.O. Box 1688
Madison, WI 53701-1688

**Failure to file the mediation request in accordance with Chapter 655 of the Wisconsin Statutes within 15 days of the date of the order will result in Reifschneider's claims against Dr. Grossman being dismissed.**

**IT IS FURTHER ORDERED** that this case is stayed pending Reifschneider's filing of a mediation request in compliance with Chapter 655 of the Wisconsin Statutes within 15 days of the date of this order. **This stay does not affect the obligation of the newly identified defendants—Trisha Anderson, Jean Jones, Rachel Pafford, and Melissa Thorne—to file a responsive pleading within sixty days of receiving electronic notice of this order**. If Reifschneider fails to timely file the mediation request, then the stay shall be lifted. If Reifschneider timely files the mediation request, then the stay shall remain until the expiration of the mediation period under Wis. Stat. § 655.465, at which time the stay shall be lifted.

**IT IS FURTHER ORDERED** that Reifschneider's motion to appoint counsel (ECF No. 37) is **DENIED**.

**IT IS FURTHER ORDERED** that Reifschneider's motion to stay case (ECF No. 34) is **DENIED** as moot.

Dated this   24th   day of September, 2018.

                                              s/ William C. Griesbach
                                              William C. Griesbach, Chief Judge
                                              United States District Court