UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ROBERT REIFSCHNEIDER,

      Plaintiff,

  v.                                                         Case No. 18-C-146

DR. THOMAS W. GROSSMAN,
DR. KARL HOFFMAN,
DR. SALAM SYED,
MEREDITH MASHAK,
TRISHA ANDERSON,
JEAN JONES,
RACHEL PAFFORD, and
MELISSA THORNE,

      Defendants.

**ORDER GRANTING LEAVE TO FILE SECOND AMENDED COMPLAINT**

On January 29, 2018, Plaintiff Robert Reifschneider, an inmate serving a state prison sentence at Wisconsin Secure Program Facility, filed this pro se action against Dr. Thomas Grossman and several Department of Corrections (DOC) employees, alleging federal and state claims related to the treatment of his Achilles tendon. On May 4, 2018, the court screened the complaint and allowed Reifschneider to proceed on federal and state-law claims against the DOC nurse defendants and on state-law medical malpractice claims against Drs. Grossman, Hoffman, and Syed. On September 24, 2018, the court granted Reifschneider's motion for leave to amend his complaint to identify the Doe defendants and granted Dr. Grossman's motion to stay the case so that Reifschneider could comply with the mediation requirements under Chapter 655 of the Wisconsin Statutes. The mediation period under Wisconsin Statute § 655.465(7) has since expired, and the

stay on this case will be lifted. *See* Wis. Stat. § 655.445(3) (2017–18). Presently before the court is Reifschneider's motion for leave to file a second amended complaint. For the reasons below, Reifschneider's motion will be granted and his second amended complaint will be screened.

Reifschneider's motion seeks to cure the defects in his original complaint. Specifically, Reifschneider seeks to add federal claims against Meredith Mashak and Drs. Hoffman and Syed. In the seven months since his complaint was screened, Reifschneider has filed over nine motions, but none of those motions sought to add claims that the court previously dismissed at screening. Moreover, he has offered no reason why he delayed seeking such an amendment. The court nevertheless concludes that Reifschneider's motion for leave to file a second amended complaint should be granted.

Although Reifschneider's motion for leave to amend his complaint no doubt could have been filed earlier, his motion will be granted given that this case is still in its early stages. *See McCoy v. Iberdrola Renewables, Inc.*, 760 F.3d 674, 687 (7th Cir. 2014) ("Undue delay is unusual at the pleading stage . . . ."); *Soltys v. Costello*, 520 F.3d 737, 743 (7th Cir. 2008) ("Delay on its own is usually not reason enough for a court to deny a motion to amend."). Reifschneider correctly notes in his motion that little, if any, discovery has occurred, and although he seeks to add new claims, the underlying allegations in the case have remained the same. The court thus sees no prejudice to the defendants or any other reason to deny the motion such as undue delay, bad faith, dilatory motive, or futility. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (listing reasons that call for the denial of an amendment that should otherwise be "freely given" under the Federal Rules of Civil Procedure). Accordingly, leave to file will be granted, and pursuant to 28 U.S.C. § 1915A, the court will now screen the second amended complaint.

**ALLEGATIONS OF THE SECOND AMENDED COMPLAINT**

Reifschneider alleges that he tore his right Achilles tendon on December 2, 2014. On December 8, 2014, he saw Dr. Thomas Grossman at Agnesian Health Care. Dr. Grossman diagnosed Reifschneider with "a fairly acute achilles tendon tear," discussed closed and open treatment options, and informed Reifschneider of the potential complications that could result from open treatment. Second Am. Compl., ECF No. 63-1, at ¶ 10. Dr. Grossman did not inform Reifschneider that the FiberWire sutures he would use in the surgery may not dissolve. Reifschneider elected for open treatment, and a surgery date was scheduled. Three days later, on December 11, 2014, Reifschneider underwent surgery to repair his tendon.

After the surgery, Reifschneider began to experience pain and swelling at the incision site. Over the months that followed, he saw the defendant nurses and doctors at various times, but claims that they unreasonably delayed providing him pain medication and scheduling him for further treatment. Reifschneider also alleges that the prison medical staff failed to follow through on Dr. Grossman's treatment recommendations. A second surgery to remove infected tissue was performed in December 2015. Reifschneider claims that, in addition to pain and suffering, the prison medical defendants' deliberate indifference to his serious medical needs and prolonged infection left him with a "major scar and permanent nerve damage." *Id.* at ¶ 47.

**THE COURT'S ANALYSIS**

The Eighth Amendment of the Constitution prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII; *Miranda v. Cty. of Lake*, 900 F.3d 335, 350 (7th Cir. 2018). A prison official's deliberate indifference to a prisoner's serious medical need violates the Eighth Amendment. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994); *Johnson v. Doughty*, 433 F.3d

1001, 1010 (7th Cir. 2006). "A delay in the provision of medical treatment for painful conditions—even non-life-threatening conditions—can support a deliberate-indifference claim . . . ." *Grieveson v. Anderson*, 538 F.3d 763, 779 (7th Cir. 2008). To state an Eighth Amendment claim for deficient medical care, a plaintiff must allege "an objectively serious medical condition and an official's deliberate indifference to that condition." *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

Reifschneider has stated an Eighth Amendment deliberate indifference claim against Meredith Mashak. Reifschneider alleges a serious medical condition: his torn and later infected right Achilles tendon, which caused him continual pain. Reifschneider also alleges that Mashak was deliberately indifferent to his condition when Mashak allegedly made no effort to expedite Reifschneider's second surgery despite being informed that Reifschneider had been waiting for the surgery for months while enduring pain. Reifschneider also alleges that Mashak was deliberately indifferent when she understaffed the health services unit, which Reifschneider alleges directly caused his lack of medication and dressing as well as his pain and suffering. While proving causation in the understaffing claim may prove difficult, at this pleading stage, the understaffing claim may proceed.[1] *See Doe v. Sullivan Cty., Tenn.*, 956 F.2d 545, 550 (6th Cir. 1992) (noting the difference between the pleading stage and the substantive proof stages in the context of § 1983 claims for systemic deficiencies in a prison); *Rapier v. Kankakee Cty., Ill.*, 203 F. Supp. 2d 978,

---

[1] The understaffing claim may proceed against Mashak in her individual capacity but not official capacity because the second amended complaint does not allege that a custom or policy caused the constitutional harm. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Rather, the second amended complaint alleges that the understaffing of the health services unit was the result of "[Mashak's] failure to do her job," ECF No. 63-1 at ¶ 48, meaning that, by implication, a policy that called for sufficient staffing existed.

984–85 (C.D. Ill. 2002) (granting summary judgment for a municipality on a § 1983 understaffing claim because the causal link was not sufficiently concrete).

Reifschneider has also stated Eighth Amendment deliberate indifference claims against nurses Anderson, Jones, and Pafford. Reifschneider's allegations that he continually complained to Anderson, Jones, and Pafford about his pain, his non-receipt of medication and dressing, and the delay in scheduling him to see institution doctors when appropriate, and that Anderson, Jones, and Pafford did not timely address his continued complaints of pain or otherwise correct their alleged delay in care sufficiently state a claim of deliberate indifference. Reifschneider fails to state a claim against nurse Thorne, however, because, although he alleges that Thorne was aware of his infected wound, he does not allege that Thorne was indifferent to his condition.

Reifschneider also states deliberate indifference claims against Drs. Hoffman and Syed. Reifschneider alleges that Drs. Hoffman and Syed delayed and otherwise refused to expedite his surgery despite receiving notice from non-institution doctors of Reifschneider's urgent need to undergo surgery. Reifschneider also alleges that Drs. Hoffman and Syed delayed in clearing him for surgery. These allegations of undue delay are sufficient to state a claim. *See Perez*, 792 F.3d at 777–78. Moreover, Reifschneider's allegations that Dr. Syed took him off pain medication and refused to see him on at least one occasion sufficiently state another basis for a deliberate indifference claim.

In addition to the foregoing federal claims, Reifschneider also alleges state-law medical malpractice claims against Drs. Grossman, Hoffman, and Syed. Reifschneider's allegations that these doctors unnecessarily delayed and otherwise refused to promptly schedule his surgery despite being aware of the severity of his condition, that any doctor in good standing would not so delay his

5

surgery, and that such delay resulted in prolonged pain and further injury are sufficient to state medical malpractice claims. *See Paul v. Skemp*, 2001 WI 42, ¶ 17, 242 Wis. 2d 507, 625 N.W.2d 860 (2001) (noting that a claim for medical malpractice requires the same elements as all claims for negligence). Reifschneider's allegations of Dr. Grossman's failure to obtain informed consent and of misdiagnosis provide additional bases for medical malpractice claims. *See id.*; *Schreiber v. Physicians Ins. Co. of Wis.*, 223 Wis. 2d 417, 426–27, 588 N.W.2d 26 (1999).

Reifschneider has not sufficiently stated claims of negligent performance of a ministerial duty against nurses Jones and Icken. Under Wisconsin law, to state a claim for negligent performance of a ministerial duty, a plaintiff must first allege that a ministerial duty existed. *C.L. v. Olson*, 143 Wis. 2d 701, 711, 422 N.W.2d 614 (1988). A duty is ministerial "only when it is absolute, certain and imperative, involving merely the performance of a specific task when the law imposes, prescribes and defines the time, mode and occasion for its performance with such certainty that nothing remains for judgment or discretion." *Id.* at 711–12 (quoting *Lister v. Bd. of Regents of Univ. of Wis.*, 72 Wis. 2d 282, 301, 240 N.W.2d 610 (1976)). Reifschneider has not sufficiently alleged that Jones or Icken had a legal, ministerial duty to wear gloves when changing his dressing, so his negligence in performance of a ministerial duty claim will be dismissed.

In sum, Reifschneider may proceed on his individual-capacity Eighth Amendment claims against Mashak, Anderson, Jones, Pafford, and Drs. Hoffman and Syed and on his state-law medical malpractice claims against Drs. Grossman, Hoffman, and Syed. Because Reifschneider may proceed on federal claims, the court will exercise supplemental jurisdiction over his state-law claims. *See* 28 U.S.C. § 1367. Reifschneider may not proceed on his official-capacity claims for failure to state that a custom or policy of a governmental entity was a moving force behind a

constitutional deprivation. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Edelman v. Jordan*, 415 U.S. 651, 663 (1974). All claims against Melissa Thorne are dismissed.

**IT IS THEREFORE ORDERED** that the **stay on this case is lifted**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for leave to file a second amended complaint (ECF No. 63) is **GRANTED**. The Clerk is directed to detach and e-file the second amended complaint (ECF No. 63-1).

**IT IS FURTHER ORDERED** that, pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, copies of the plaintiff's second amended complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on Meredith Mashak. All other defendants have counsel who will receive electronic notice of the second amended complaint and this order.

**IT IS FURTHER ORDERED** that the defendants shall file a responsive pleading within **45 days** of receiving notice of this order.

**IT IS FURTHER ORDERED** that all claims against Melissa Thorne are dismissed.

**IT IS FURTHER ORDERED** that the discovery and dispositive motion deadlines are amended. All discovery shall be completed on or before **August 15, 2019**. Dispositive motions shall be filed no later than **September 16, 2019**.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where the inmate is confined.

**IT IS FURTHER ORDERED** that, pursuant to the Prisoner E-Filing Program, the plaintiff shall submit all correspondence and case filings to institution staff, who will scan and e-mail

documents to the court. The Prisoner E-Filing Program is in effect at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility. If the plaintiff is no longer incarcerated at a Prisoner E-Filing Program institution, he will be required to submit all correspondence and legal material to:

> Honorable William C. Griesbach
> c/o Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 125 S. Jefferson Street, Suite 102
> Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties. Therefore, failure to provide a correct address could result in dismissal of the case for failure to prosecute.

Dated this __18th__ day of January, 2019.

                                               s/ William C. Griesbach
                                               William C. Griesbach, Chief Judge
                                               United States District Court