# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ROBERT REIFSCHNEIDER,

    Plaintiff,

v.                                      Case No. 18-C-146

DR. THOMAS W. GROSSMAN et al.,

    Defendants.

## ORDER

On March 18, 2019, Plaintiff Robert Reifschneider, an inmate incarcerated at Wisconsin Secure Program Facility who is representing himself, filed a motion for leave to file a third amended complaint, which seeks to add Wisconsin Injured Patients and Families Compensation Fund as a defendant. The next day, the court ordered any defendant who objected to the motion to file a response within ten days. Defendant Dr. Thomas Grossman timely filed a response. On March 25, 2019, Reifschneider filed a motion to amend the scheduling order, seeking to extend the discovery and dispositive motion deadlines. For the reasons stated below, Reifschneider's motions will be denied.

**A. Motion for Leave to File Third Amended Complaint**

Rule 15(a) of the Federal Rules of Civil Procedure provides that a court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2); *Foman v. Davis*, 371 U.S. 178, 182 (1962). "[T]his mandate is to be heeded," and "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by

virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Foman*, 371 U.S. at 182. Whether to grant an opportunity to amend is within the district court's discretion, but refusing to grant leave "without any justifying reasons" constitutes an abuse of discretion. *Id.*

The only proposed change Reifschneider seeks to make to his Second Amended Complaint is the addition of Wisconsin Injured Patients and Families Compensation Fund as a defendant. *See* ECF Nos. 65; 71 at 2; 71-1 at ¶ 5. The Fund is a risk-sharing vehicle created under Chapter 655 of the Wisconsin Statutes to pay the portion of a medical malpractice claim in excess of the $1 million dollar professional liability policy required for healthcare providers like Dr. Grossman under Chapter 655. *See* Wis. Stat. §§ 655.23, 655.27(1) (2017–18). A person filing a claim for damages arising out of the rendering of medical care or services within Wisconsin against a health care provider or an employee of a health care provider

> may recover from the fund only if the health care provider or the employee of the health care provider has coverage under the fund, the fund is named as a party in the action, and the action against the fund is commenced within the same time limitation within which the action against the health care provider or employee of the health care provider must be commenced.

§ 655.27(5)(a)1.

Reifschneider has failed to meet the statutory time requirement. Because Dr. Grossman, as a non-state employee, is the only defendant to whom Chapter 655 applies, *see* § 655.003, and Reifschneider's claim against Dr. Grossman is a medical malpractice claim, Reifschneider must commence an action against the Fund within the time allowed for Wisconsin medical malpractice claims, which is three years from the date of injury or one year from the date the injury was discovered or should have been discovered, whichever is later. Wis. Stat. § 893.55(1m). The latest

2

possible "date of injury" for any alleged medical malpractice by Dr. Grossman was December 3, 2015, the alleged date of Reifschneider's second surgery. Reifschneider has not alleged that the second surgery was a negligent act that caused him separate and additional harm that had not already existed as a result of Dr. Grossman's alleged prior malpractice. *See Estate of Genrich v. OHIC Ins. Co.*, 2009 WI 67, ¶ 16, 318 Wis. 2d 553, 769 N.W.2d 481 ("As we noted in *Paul*, a condition need not be untreatable before an 'injury' occurs; rather, an 'actionable injury arises when the [negligent act or omission] causes a greater harm than [that which] existed at the time of the [negligent act or omission].'" (quoting *Paul v. Skemp*, 2001 WI 42, ¶ 25, 242 Wis. 2d 507, 625 N.W.2d 860) (alterations in original)). As a result, Reifschneider had until December 3, 2018—three years from the last possible "date of injury"—to bring an action against the Fund. Reifschneider's proposed third amended complaint, which he sought leave to file on March 18, 2019, is therefore futile. *See Gandhi v. Sitara Capital Mgmt., LLC*, 721 F.3d 865, 869 (7th Cir. 2013) ("District courts may refuse to entertain a proposed amendment on futility grounds when the new pleading would not survive a motion to dismiss.").

The proposed third amended complaint is also futile because it fails to allege an amount of damages that would trigger the Fund's coverage. *See* Wis. Stat. § 655.27(1). In the proposed complaint, Reifschneider seeks $50,000 in compensatory damages and $150,000 in punitive damages, all "jointly and severally against each of the defendants." ECF No. 71-1 at 9. Even when overlooking Wisconsin's bar on punitive damages in medical malpractice actions, *see Lund v. Kokemoor*, 195 Wis. 2d 727, 739, 537 N.W.2d 21 (Ct. App. 1995), the alleged amount does not implicate the Fund's coverage. There are therefore at least two independent grounds upon which

Reifschneider's proposed complaint is futile. Because either ground is enough to defeat the complaint on a motion to dismiss, Reifschneider's motion for leave to amend will be denied.

**B. Motion to Amend Scheduling Order**

Reifschneider requests that the court extend the discovery and dispositive motion deadlines to August 24, 2019, and September 24, 2019, respectively, because he has allegedly not received any response to three of his requests for production of documents and because his indigent status has delayed his mailing of requests for admissions that are "around 100 pages long and include all documentation needed to make a determination admitting the factual statements." ECF No. 76 at 1. The current discovery and dispositive motions deadlines are respectively August 15, 2019, and September 16, 2019, *see* ECF No. 64, meaning Reifschneider's request would result in nine and eight-day extensions. Reifschneider still has over four months to conduct discovery, and he has provided no reason why he is not able to meet the current deadlines, much less a reason why an approximate extension of a week would make a substantial difference in his ability to comply. His motion will therefore be denied. *See* Fed. R. Civ. P. 16(b)(4) (requiring good cause to modify a schedule). Reifschneider is free to renew his request for an amendment of deadlines at a later time provided that he presents good cause for his request.

**IT IS THEREFORE ORDERED** that Reifschneider's motions for leave to file a third amended complaint (ECF No. 71) and to amend the scheduling order (ECF No. 76) are **DENIED**.

Dated this  5th  day of April, 2019.

                        s/ William C. Griesbach
                        William C. Griesbach, Chief Judge
                        United States District Court