UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ROBERT REIFSCHNEIDER,

    Plaintiff,

    v.      Case No. 18-C-146

DR. THOMAS GROSSMAN et al.,

    Defendants.

## DECISION AND ORDER

Plaintiff Robert Reifschneider, who is currently incarcerated at the Wisconsin Secure Program Facility and representing himself, filed this action pursuant to 42 U.S.C. § 1983, alleging that his civil rights were violated while he was in custody at Columbia Correctional Institution. The court screened Reifschneider's second amended complaint and allowed him to proceed on several claims against the nurse defendants and Drs. Grossman, Hoffman, and Syed arising from a surgery performed on Reifschneider's torn right Achilles tendon in December 2014 while he was in the custody of the Wisconsin Department of Corrections. Dkt. No. 65. This matter comes before the court on Reifschneider's motion for partial summary judgment against Defendants Hoffman, Syed, Anderson, and Pafford (Dkt. No. 80) and his motion for an extension of time and a request for permission to file a combined reply and response brief (Dkt. No. 124).

Motions for summary judgment filed by plaintiffs are rare as the focus of summary judgment is whether the moving party can show that there are no facts to support the nonmoving party's claims. *See* Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322

(1986). All reasonable inferences are construed in favor of the nonmoving party. *Foley v. City of Lafayette*, 359 F.3d 925, 928 (7th Cir. 2004).

In other words, Reifschneider must show that a reasonable jury could do nothing but reach a verdict in his favor. Here, Reifschneider has not done so. His three-page brief in support of his motion for partial summary judgment does little except present a short factual summary, restate the legal standard for deliberate indifference, and provide a single conclusory paragraph about why Defendants are liable thereunder. Further, the facts Reifschneider does assert in his motion are in dispute. The state Defendants (including Spangler, Anderson, Jones, Pafford and Drs. Syed and Hoffman) filed their response to Reifschneider's motion for partial summary judgment, which they combined with their own motion for summary judgment. Dkt. No. 116. Drawing all reasonable inferences in favor of the state Defendants, as I must do on summary judgment, I cannot find that a reasonable jury would only decide this case in Reifschneider's favor. Accordingly, Reifschneider will not be granted an extension of time to file a reply and his motion for partial summary judgment will be denied.

However, the court will permit Reifschneider an extension of time to respond to the state Defendants' motion for summary judgment. He will have until April 27, 2020, to respond. This also provides Reifschneider with another opportunity to explain why the state Defendants are not entitled to summary judgment on his claims of deliberate indifference and state law medical malpractice. The state Defendants' will have fourteen (14) days after Reifschneider files his response to file a reply in support of their motion. The court will then decide the state Defendants' motion for summary judgment at that time.

**IT IS THEREFORE ORDERED** that Reifschneider's motion for partial summary judgment (Dkt. No. 80) is **DENIED**.

**IT IS FURTHER ORDERED** that Reifschneider's motion for an extension of time and permission to file a combined brief is **GRANTED-IN-PART** and **DENIED-IN-PART**. Reifschneider will have until April 27, 2020, to file his response to the state Defendants' motion for summary judgment.

**SO ORDERED** at Green Bay, Wisconsin this 10th day of March, 2020.

s/ William C. Griesbach  
William C. Griesbach, District Judge  
United States District Court